State v. Weddington

---

STATE OF NORTH CAROLINA v. WALTER (NMN) WEDDINGTON

No. 7526SC701

(Filed 7 January 1976)

1. **Constitutional Law § 30— speedy trial — 137 days between arrest and trial**
    Defendant was not denied his right to a speedy trial by a delay of 137 days between his arrest and trial where defendant did not contend the delay was purposeful and defendant conceded he was not prejudiced by the delay.

2. **Arrest and Bail § 3; Searches and Seizures § 1— lawfulness of arrest, search**
    An officer had reasonable grounds to arrest defendant without a warrant for a felony where the officer had received information from his dispatcher that the car defendant was driving had been stolen, and the officer's subsequent warrantless search of defendant's person was therefore lawful.

3. **Criminal Law § 75— confession not fruit of illegal arrest**
    Defendant's confession was not the fruit of an illegal arrest and thus inadmissible in evidence since defendant's arrest was lawful.

APPEAL by defendant from *Baley, Judge.* Judgments entered 2 April 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 21 November 1975.

---

---

Defendant was indicted upon charges of felonious breaking and entering the residence of Roy Kiser and felonious larceny therefrom of a television set. He pled not guilty.

State's witness, Roy Kiser, testified that he lived on Highway 160 in Steele Creek Community in Mecklenburg County. He and his wife left home on the morning of 15 November 1974 at 7:00 a.m. Police contacted him and told him that his house had been broken into. When he returned home at approximately 1:30 p.m., he found the back door glass was broken and his TV, serial no. 4380354, was missing.

I. N. Dennis, a Mecklenburg County policeman, testified that shortly after noon on 15 November 1974 he saw a Ford automobile parked on the shoulder of Highway 160 in the Steele Creek Community directly across the highway from Mr. Kiser's house. Diane Murphy was alone in the car, sitting on the passenger side. There were no other cars in the area at the time. Officer Dennis asked if he could be of assistance, and Diane Murphy told him that the car was overheated and her husband had gone to get water. Dennis looked into the car and there wasn't anything in the back seat at that time. He noted the license number of the car, drove on, and called his dispatcher, who informed him the car was reported stolen. Driving back toward the site, the car passed him on the highway. He stopped the car at a point less than a quarter of a mile from the place he had originally seen it parked on the side of the highway and at a time approximately five minutes after he had seen it so parked. Defendant was the driver of the car. Officer Dennis arrested defendant, searched him, and found a loaded pistol and a pair of gloves in his right jacket pocket. On looking into the car, Officer Dennis found a pair of pliers and a prying tool on the floor by the driver's seat and a TV in the back seat, serial number 4380354.

L. M. Cochran, Jr., a Mecklenburg County policeman, testified that he talked with defendant on 15 November 1974, advised him of his constitutional rights, and defendant signed a waiver. Defendant confessed that he had broken into Roy Kiser's house and stolen a TV set.

Defendant testified that he did not steal the car which he was found driving and that he was stopped along the side of the road because the car had "cut off." He testified that he found the TV set in a vacant house, brought it out of the house,

and placed it in his car. He denied making a statement that he broke into Kiser's house and took a TV set.

The jury found defendant guilty of both offenses charged in the indictment. Judgments were entered imposing prison sentences on each count, the court directing that defendant be given credit on the sentence imposed on the first count for time spent in jail awaing trial. Defendant appealed.

*Attorney General Edmisten by Associate Attorney Sandra M. King for the State.*

*Thomas D. Windsor for defendant appellant.*

PARKER, Judge.

[1]  Defendant contends the Court erred in not granting his motion to dismiss for failure to provide a speedy trial. The record shows the following. Defendant was arrested on 15 November 1974; counsel was appointed on 20 November 1974; preliminary hearing scheduled for 12 December 1974 was postponed because police officers were not available, another preliminary hearing scheduled for 9 January 1975 was postponed because the District Attorney was not ready; defendant then waived a preliminary hearing on 9 January 1975; defendant moved for speedy trial on 31 January 1975; case was tried on 1 April 1975; defendant spent a total of 137 days in jail awaiting trial. After a voir dire hearing, the court made findings of fact, concluded defendant had not been denied a speedy trial, and denied defendant's motion. In this we find no error. Defendant makes no contention that the delay in his trial was purposeful and we find the period of the delay was not in itself excessive. See, *State v. Brown*, 282 N.C. 117, 191 S.E. 2d 659 (1972). Furthermore, defendant concedes that he was not prejudiced as a result of the delay.

[2]  Defendant contends the court erred by overruling his objections and allowing into evidence the pistol and gloves found in his pocket as a result of the search of his person made at the time of his arrest. He contends the arrest was unlawful and therefore the warrantless search of his person was illegal. This contention is without merit. The statute in effect when defendant was arrested, G.S. 15-41(2), provided that a peace officer may without warrant arrest a person "[w]hen the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not

immediately taken into custody." [For cognate statute in effect and applicable to criminal proceedings begun on and after 1 September 1975, see G.S. 15A-401 (b) (2).] Here, the arresting officer had reasonable ground to believe that the automobile which defendant was driving had been stolen; only moments before, his dispatcher had so reported to him by radio. Defendant was driving and in control of the vehicle, and if not immediately taken into custody could easily have evaded arrest. These circumstances were amply sufficient to furnish the officer reasonable ground to believe defendant had committed a felony in stealing the automobile and that he would evade arrest if not immediately taken into custody. Indeed, the officer would have been derelict in his duty had he not arrested defendant forthwith. It follows that the search of defendant's person was incident to a lawful arrest and the fruits of the search were properly admitted in evidence.

[3] Defendant assigns error to the admission in evidence over his objection of testimony of Officer Cochran concerning defendant's confession that he had broken into the Kiser house and stolen a TV set. Before this testimony was admitted, the court conducted a voir dire hearing at which both Officer Cochran and defendant testified. At the conclusion of the hearing the court made findings that before Officer Cochran questioned defendant concerning the offenses for which he was tried, Cochran advised defendant of his constitutional rights, and defendant freely, knowingly, and voluntarily waived those rights. These findings were fully supported by competent evidence. Defendant does not now contend that the requirements of *Miranda* were not fully met. His contention is that his receipt of the *Miranda* warnings did not, per se, make his confession admissible, and, still contending his arrest was illegal and relying on *Brown v. Illinois*, 422 U.S. 590, 45 L.Ed. 2d 416, 95 S.Ct. 2254 (1975), he contends that any statement he made was the fruit of an illegal arrest. Holding as we do that defendant's arrest was legal, we find the cited case inapposite and find no error in admitting the evidence concerning defendant's confession.

We have examined all of defendant's remaining assignments of error and find no error in defendant's trial or in the judgments from which appeal was taken.

No error.

Judges HEDRICK and ARNOLD concur.